UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CURTIS TATE,

    Plaintiff,                                    Case No. 1:09-cv-307

v                                                HON. JANET T. NEFF

CAROL HOWES, et al.,

    Defendants.
_____/


**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies (Dkt 22). Plaintiff also filed a motion for summary judgment (Dkt 43). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 64), recommending that this Court grant Defendants' motion and deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 65). Also pending before the Court are Plaintiff's objections (Dkt 68) to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike (Dkt 67).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court has also reviewed for clear error, in accordance with 28 U.S.C. § 636(b)(1)(A), those portions of the Magistrate Judge's Order Denying Plaintiff's Motion

to Strike to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I

A. *Objections Not Considered on Their Merits*

Plaintiff states seventeen objections to the R & R. However, many of these objections are properly disposed of as either vague, moot, or frivolous. This Court finds that Plaintiff's objections 1, 8, 10, 12 (except 12(c)), and 13 are all too vague to merit consideration under the local rules of this Court. Specifically, these objections do not meet the requirement that all objections to the R & R, and the grounds for these objections, must be stated with specificity. *See* W.D. Mich. LCivR 72.3(b). *See also Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Therefore, these objections are denied.[1]

This Court will also not consider any objections that are no longer relevant as a result of dismissal of the case. Therefore, Plaintiff's objection 17, which deals with discovery requests (Dkt 65 at 7), is denied as moot. Similarly, Plaintiff's objections to the Magistrate Judge's denial of his motion to strike Defendant's pleadings (Dkt 68) are also denied as moot.

Last, this Court will not consider objections that are irrelevant or not legally significant. The Court finds that objections 2-7 and 16 are frivolous, i.e., even if the Court found these objections

---

[1] The documents that Plaintiff cites in these objections are Plaintiff's brief in support of his motion for summary judgment (Dkt 44), brief in opposition of Defendant's motion for summary judgment (Dkt 34), brief in support of motion to strike Defendant's pleadings (Dkt 37), and supplemental brief in support of his motion (Dkt 60). To the extent Plaintiff is attempting to present the argument that the Magistrate Judge erred in dismissing the case because Plaintiff exhausted his administrative remedies after filing suit (Dkt 34 at 5), that argument, even if properly before the Court in this posture, is without merit and, therefore, denied. The Magistrate Judge correctly concluded that a prisoner must exhaust his administrative remedies *before* filing suit (Dkt 64 at 7).

2

were technically correct, that finding would still have no bearing on the outcome of this case. Therefore, these objections are denied.

B. *Objections Considered on Their Merits*

The remaining objections are 9, 11, 12(c), 14, and 15. The Court will consider the merits of these objections in turn.

In objection 9, Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff's claim is barred by his failure to exhaust his administrative remedies before filing suit (Dkt 65 at 3). Plaintiff argues that the case of *Thomas v. Woodlum*, 337 F.3d 720 (6th Cir. 2003), is directly contradictory to the Magistrate Judge's conclusion because the *Thomas* court held that "a federal claim will not be barred by the plaintiff's failure to comply with a state prison's internal procedural requirements" (Dkt 65 at 3 (quoting 337 F.3d at 725)). Plaintiff's objection is without merit. As the Magistrate Judge correctly noted, the holding in *Thomas* was explicitly overturned by the Supreme Court in *Woodford v. Ngo*, 548 U.S. 81 (2006) (Dkt 64 at 4). In *Woodford*, the Court held that the a prisoner must comply with a prison's grievance requirements before filing a claim in federal court. 548 U.S. at 90-93. Therefore, Plaintiff's reliance on *Thomas* is unpersuasive.

In objection 11, Plaintiff argues that the grievance policy of the Michigan Department of Corrections does not explicitly require him to go through MDOC's entire administrative procedure before filing a § 1983 action in federal court (Dkt 65 at 4). He therefore concludes that the Magistrate Judge erred in finding that he failed to follow the procedural rule of exhaustion before filing suit in this Court (*id.*). This argument is also without merit. The procedural rule for exhaustion does not come from MDOC's internal policies, but rather from federal law, specifically, 42 U.S.C. § 1997e(a).

In objection 12(c), Plaintiff argues that the Magistrate Judge failed to understand that Plaintiff was not required to exhaust his administrative remedies because his was a special case that made the exhaustion requirement unjust (Dkt 65 at 5). In his briefs, Plaintiff provides two reasons that he believes make forcing him to exhaust his remedies in this case substantially unjust. First, he indicates that he feared that he would be put back into the same conditions that gave rise to his grievance if he complained about his situation to prison officials for his safety (Dkt 60 at 12-14). Second, he asserts that given his precarious health, forcing him to exhaust his prison remedies would have delayed his potential lawsuit so long that he might not have lived long enough to file it (Dkt 34 at 5).

These arguments are without merit. Plaintiff's allegations of fear for his safety are not supported by the factual record that Plaintiff has put before the Court. He has provided no evidence of actual or imminent retaliation by prison officials, only his own bald assertions that he feared retaliation. Indeed, the record suggests the opposite, that Plaintiff did not have even a subjective fear of retaliation that prohibited him from exhausting the prison grievance procedures. Plaintiff admits that he wrote multiple letters and filed three separate grievances relating to this claim, but then failed to follow through with these grievances, instead filing the present lawsuit (Dkt 34 at 15).

Plaintiff's argument that his precarious health justified his failure to exhaust is also without merit. There is no causal nexus between Plaintiff's health problems and Defendants' alleged failure to provide an adequate grievance procedure that would be sufficient to justify such an extreme remedy as estoppel here. While there are some extreme instances in which a failure to exhaust an administrative remedy might be overlooked, this is not one of those cases. *See, e.g., Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003) (excusing failure to file a timely grievance where broken

hand prevented prisoner from handwriting a grievance within the prison's time restraints); *see also Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004) (suggesting that alleged retaliation of prison officials during grievance proceeding could excuse failure to exhaust).

In objection 14, Plaintiff argues that the Magistrate Judge erred in not estopping Defendants from raising the affirmative defense of nonexhaustion (Dkt 64 at 6). He argues that the prison's grievance procedure was so completely ineffective as to be, in a practical sense, unavailable (*id.*). This argument is without merit primarily for the same reasons that his 12(c) objection was without merit. Prisoners must exhaust any available prison grievance procedure before filing suit. *Woodford*, 548 U.S. at 90-91. It is no excuse that the prisoner finds the system lacking in quality. *See Alexander v. Hawk*, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (noting that, unlike its predecessor, the PLRA requires that a prisoner exhaust any available administrative proceeding, even if that proceeding is not particularly speedy or effective, before filing suit in federal court).

Plaintiff's objection 15 is nearly identical to objection 14. The only difference is that Plaintiff argues in objection 15 that the Magistrate Judge erred in not holding in his favor because Defendants' failure to provide an effective grievance procedure in his particular case meant that an exhaustion of remedies was not practical for him in particular. This argument is without merit for the reasons previously stated. Furthermore, the Court notes that the fact that Plaintiff has completed the grievance procedure since filing this claim is strong evidence that the administrative procedure was, in fact, available to him.

II

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED.

R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections to the Report and Recommendation (Dkt 65) are DENIED, and the Report and Recommendation (Dkt 64) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 22) is GRANTED, Plaintiff's Motion for Summary Judgment (Dkt 43) is DENIED, and Plaintiff's remaining claims are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Objections to the Order Denying Plaintiff's Motion to Strike (Dkt 68) are DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: June 2, 2010                                     /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge